### James P. Ball vs. Robert L. Brooks.

Gunby, J.   When plaintiff brings a petitory action, based upon

a tax title, defendant, who also claims title, can attack the tax title for all defects whatsoever. Such is not a collateral attack. 33 An. 438.

2. The plea of want of tender of the taxes paid is inapplicable to a case where defendant seeks to annul the title sued on by plaintiff, or where the amount of taxes due is vague and uncertain, and the defendant denies that the amount paid by plaintiff was due. 32 An. 926; 33 An. 530.

3. A purchaser at a tax sale must make application to a competent court to put him in possession. Section 5 of Act 9, of 1878.

4. Section 49, of Act 74 of 1880, authorizes the correction of clerical errors; but clearly, it does not give the tax collector the right to insert a description of property in assessment rolls where nothing but the number of acres is given by the assessor.

5. Where there is no description of the property on the assessment rolls, a tax sale of the property is null and void absolutely.

6. But the plaintiff is entitled to be repaid the taxes actually due and paid by him, not including costs and charges of the illegal sale, and to secure him in this reimbursement, the court will maintain the sequestration of the property in favor of plaintiff until defendant repays him the taxes.